IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Kimberly Reaves, | ) | |
| | ) | 4:16-CV-328-RBH-TER |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Alyson L. Boyd, | ) | |
| | ) | |
| Defendant. | ) | |

Defendant Alyson L. Boyd, proceeding pro se, seeks to remove the instant action from the Family Court for the Twelfth Judicial Circuit of South Carolina to this court. This matter is before the court pursuant to 28 U.S.C. 636(b) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.). For the reasons that follow, the undersigned recommends that the district judge remand this case, as the court is without jurisdiction.

I.      Factual and Procedural Background

It appears that Defendant Boyd was ordered to appear before the Florence Family Court on February 3, 2016 as a result of a rule to show cause for failure to pay child support. On February 3, 2016, the state court hearing date, Defendant filed a notice of removal citing generally both diversity and federal question jurisdiction. Attached to Defendant's handwritten notice of removal is the state court Clerk's affidavit of delinquent child support, and the Rule to Show cause with a notice of hearing.

II.     Discussion

   A.      Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the pro se complaint. This court is required to liberally construe pro se complaints. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Such pro se complaints are held to a less stringent standard than

1

those drafted by attorneys, *id.; Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Erickson*, 551 U.S. at 93 (*citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555.56 (2007)). Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dept of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Fed. R. Civ. P. 8 for all civil actions). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993), or conjure up questions never squarely presented to the to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Moreover, even when the filing fee is paid, the court possesses the inherent authority to ensure that a plaintiff has standing, that federal jurisdiction exists, and that a case is not frivolous. *See Ross v. Baron*, No. 12-1272, 2012 WL 3590914, at *1 (4th Cir. Aug. 22, 2012); *see also Mallard v. United States Dist. Court for S. Dist. of Iowa*, 490 U.S. 296, 307.08 (1989) (Section 1915(d) . . . authorizes courts to dismiss a frivolous or malicious action, but there is little doubt they would have power to do so even in the absence of this statutory provision.).

B.  Analysis

A defendant in a case in a state court may remove that case to a federal district court only if the state court action could have been originally filed in a federal district court. 28 U.S.C. § 1441. Generally, a case can be originally filed in a federal district court if there is diversity of citizenship under 28 U.S.C. § 1332 or there if there is so-called "federal question" jurisdiction under 28 U.S.C. § 1331.

The courts have recognized that "[b]ecause removal jurisdiction raises significant federalism concerns, [courts] must strictly construe removal jurisdiction." *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir.1994) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941)); *see also Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269, 274 (2d Cir.1994) ("In light of the congressional intent to restrict federal court jurisdiction, as well as the importance of preserving the independence of state governments, federal courts construe the removal statute narrowly, resolving any doubts against removability."); *Cohn v. Charles*, 857 F. Supp.2d 544, 547 (D. Md.2012) ("Doubts about the propriety of removal are to be resolved in favor of remanding the case to state court."); *Howard v. Food Lion, Inc.*, 232 F.Supp.2d 585, 592 (M.D.N.C.2002) ("Statutory provisions permitting removal must be strictly applied, and federal jurisdiction over such claims should not spill beyond these statutory boundaries."). The removing party, as the one invoking removal jurisdiction, has the burden of showing that removal was proper. *Mulcahey*, 29 F.3d at 151 ("The burden of establishing federal jurisdiction is placed upon the party seeking removal."). "If federal jurisdiction is doubtful, a remand is necessary." *Id.* Various federal courts have held that the removal statutes are to be construed *against* removal jurisdiction, and in favor of

3

remand.[1] *See, e.g.*, *Cheshire v. Coca-Cola Bottling Affiliated, Inc.*, 758 F. Supp. 1098, 1102 (D.S.C. 1990)(collecting cases); *Bellone v. Roxbury Homes, Inc.*, 748 F. Supp. 434, 436 (W.D. Va. 1990).

As previously noted, the two most commonly recognized and utilized bases for federal court jurisdiction are (1) federal question under 28 U.S.C. Section 1331, and (2) diversity of citizenship pursuant to 28 U.S.C. Section 1332. As discussed below, the factual allegations contained in the instant complaint do not fall within the scope of either form of this court's limited jurisdiction, such that remand is warranted.

1.  Diversity Jurisdiction

The diversity statute, 28 U.S.C. Section 1332(a), requires complete diversity of parties and an amount in controversy in excess of $75,000. Complete diversity of parties in a case means that no party on one side may be a citizen of the same state as any party on the other side. *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 372.74 nn.13.16 (1978). This court has no diversity

---

[1] Applicable case law and statutory law, including 28 U.S.C, § 1447(c), provide that subject-matter jurisdiction cannot be conferred by estoppel, waiver, or consent. *See Buchner v. Federal Deposit Ins. Corp.*, 981 F.2d 816, 818 (5th Cir. 1993)("Although parties may waive their rights to remove a case or to contest the removal procedure, they may neither confer subject matter jurisdiction on the district court nor strip it of such jurisdiction by agreement or waiver."); *Page v. Wright*, 116 F.2d 449, 451-455 (7th Cir. 1940). *Cf. Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 379 (1981)(jurisdictional ruling cannot be made prospective only). As a result, even if a plaintiff fails to object to a Notice of Removal within thirty days after the Notice of Removal is filed, a federal district court should still remand the case to state court if there is no federal question jurisdiction or diversity jurisdiction evident from the face of the state court complaint and the notice of removal. *Ellenburg v. Spartan Motor Chassis, Inc.*, 519 F.3d 192 (4th Cir. 2008). Federal courts are courts of limited jurisdiction, constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute. In re Bulldog Trucking, Inc., 147 F.3d 347, 352 (4th Cir. 1998). Accordingly, a federal court is required, sua sponte, to determine if a valid basis for its jurisdiction exists and to dismiss the action if no such ground appears. *Id*. at 352; *see also* Fed. R. Civ. P. 12(h)(3) (If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.). Although the absence of subject matter jurisdiction may be raised at any time during the case, determining jurisdiction at the outset of the litigation is the most efficient procedure. *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999).

jurisdiction over this case because Defendant fails to demonstrate that he and Plaintiff are citizens of different states. In absence of diversity of citizenship,[2] the amount in controversy is irrelevant.[3]

Further, even if there is complete diversity of citizenship pursuant to 28 U.S.C. § 1332, domestic relations matters are appropriately resolved in the appropriate state courts of the relevant state. *See generally*, *Foxworth v. Wukela Law Firm*, No. 3:09CV750, 2010 WL 2160214, at *2 (E.D. Va. 2010). The Supreme Court of the United States stated that "[t]he whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States, and not to the laws of the United States." *In re Burrus,* 136 U.S. 586, 593–94 (1890); *Boggs v. Boggs,* 520 U.S. 833, 848 (1997). By statute, the Family Courts in South Carolina exercise exclusive and original jurisdiction over all cases involving alimony. *See* S.C.Code Ann. § 63–3–530 (1976). The Supreme Court of the United States recently reaffirmed this "domestic relations exception"—holding that " 'divorce, alimony, and child custody decrees' remain outside federal jurisdictional bounds" and "recognizing the 'special proficiency developed by state tribunals ... in handling issues that arise in the granting of [divorce, alimony, and child custody] decrees.'" *Marshall v. Marshall,* 547 U.S. 293, 308 (2006) (quoting *Ankenbrandt v. Richards,* 504 U.S. 689, 703–04 (1992)).

---

[2]As stated above, the removing defendant does not allege that diversity of citizenship exists to justify this removal. However, even if Defendant did so allege, and even if diversity does technically exist between defendant and the plaintiff, that still would not provide a proper basis for the removal of this case. Because the removing defendant is a resident of South Carolina, he is barred from removing to federal court in reliance on diversity of citizenship an otherwise state-law-based case filed against him in state court by the "forum defendant rule." 28 U.S.C. § 1441(b). The statute and rule created from it precludes removal on diversity grounds by a state court defendant who is a citizen of the state in which the case was brought. *In re 1994 Exxon Chem. Fire*, 558 F. 3d 378, 393-93 (5th Cir. 2009) (collecting cases). Because there does not appear to any proper basis on which this removal could be considered proper under this Court's federal question or diversity jurisdiction, the case should be remanded to the state court where it originated.

[3]The Court notes that the total arrearage is listed as fifteen thousand eight hundred eighty-two dollars and fifty-six cents.

5

2.      Federal Question Jurisdiction

"[A] claim of federal question jurisdiction is to be resolved on the basis of the allegations of the complaint itself." *Burgess v. Charlottesville Sav. and Loan Assoc.*, 477 F.2d 40, 43 (4th Cir. 1973). Therefore, a complaint must contain allegations affirmatively and distinctly establishing federal grounds not in mere form, but in substance and not in mere assertion, but in essence and effect. *Id.* (*citing Cuyahoga Co. v. Northern Ohio Co.*, 252 U.S. 388, 397 (1920)). "[T]he mere assertion in a pleading that the case is one involving the construction or application of the federal laws does not authorize the District Court to entertain the suit." Malone v. Gardner, 62 F.2d 15, 18 (4th Cir. 1932). In the present case, the essential allegations contained in the notice of removal, as well as the attached document, are insufficient to show that the case is one "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. Section 1331. While Defendant lists several federal statutes and asserts that he believes this case "arises" under a treaty of the United States commonly referred to as the United Nations Convention on Contract for the International Sale of Goods," he provides insufficient factual support for his assertion of federal jurisdiction. (Entry #1). Other than very conclusory jurisdictional statements, Defendant offers no basis for how a family court child support challenge is a federal claim and therefore fails to show that this case arises under federal law. As conclusory allegations in the pleadings are insufficient to support jurisdiction, Burgess, 477 F.2d at 43, this case is subject to remand.

Finally, to the extent that Defendant may be seeking to appeal rulings, orders, or judgments that were entered against him in previous family court or circuit court proceedings in South Carolina involving child support, he cannot appeal such rulings, orders, and judgments to this federal district court. Appeals of orders issued by lower state courts must go to a higher state court. The United States Supreme Court is the only federal court with general statutory jurisdiction to review state court

judgments. *See* 28 U.S.C. § 1257 (since 1988, such Supreme Court review is discretionary by way of a writ of certiorari and is not an appeal of right); *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 476–82, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *Ernst v. Child and Youth Servs.,* 108 F.3d 486, 491 (3d Cir.1997). In civil, criminal, and other cases heard in the family and circuit courts of the State of South Carolina, appeals of judgments are within the jurisdiction of the South Carolina Court of Appeals and/or the South Carolina Supreme Court. *See Anderson v. Colorado,* 793 F.2d 262, 263 (10th Cir.1986) ("[I]t is well settled that federal district courts are without authority to review state court judgments where the relief sought is in the nature of appellate review.").

In addition, as to any challenges Defendant may be making to final judgments in prior state family court proceedings, the *Rooker–Feldman* Doctrine bars them. *See Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923); *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983). To the extent that Defendant may be claiming that he was injured by alleged erroneous family court proceedings and seeks the relief of being relieved of a child support obligation, any such ruling cannot be reviewed or set aside and such relief cannot be granted by the United States District Court for the District of South Carolina. *See Rooker,* 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362; *Feldman,* 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206. This prohibition on review of state court orders by federal district courts is implicated when to rule in favor of the plaintiff on his claims in connection with state court proceedings would, necessarily, require the federal court to overrule (or otherwise find invalid) various orders and rulings made in the state court. Such a result is prohibited under the *Rooker–Feldman* Doctrine. *See Exxon Mobile Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 293–94, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005);

*Davani v. Va. Dep't of Transport.,* 434 F.3d 712, 719–20 (4th Cir.2006); *Chapman v. South Carolina Dept. of Corrections,* 2012 U.S. Dist. LEXIS 80369 at *17, 2012 WL 1895932, at *5 (D.S.C. May 1, 2012) affirmed by, adopted by, dismissed without prejudice by 2012 U.S. Dist. LEXIS 71537, 2012 WL 1898621 (D.S.C., May 23, 2012).

<u>RECOMMENDATION</u>

In sum, the Court lacks subject matter jurisdiction in this matter. Accordingly, for the foregoing reasons, it is recommended that this matter be remanded to the Family Court for the Twelfth Judicial Circuit.

The parties' attention is directed to the important notice on the next page.

<u>s/ Thomas E. Rogers, III</u>
Thomas E. Rogers, III
United States Magistrate Judge

March 23, 2016
Florence, South Carolina

Plaintiff's attention is directed to the important notice on the next page.

8

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, SC 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).